# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNNY R. CORDREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-870-JPG |
| | ) | |
| DONALD A. HULICK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's motion to reconsider (Doc. 10) this Court's Order (Doc. 7) denying him leave to proceed *in forma pauperis* because Plaintiff had - on 3 or more prior occasions while incarcerated - brought an action or appeal that was dismissed on the grounds that it is frivolous, malicious, or failed to state a claim upon which relief may be granted.

It is well-settled that a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. A federal court may, however, reconsider an interlocutory order pursuant to its inherent power. *See, United States v. Jerry,* 487 F.2d 600, 604-05 (3d Cir. 1973); *accord Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1469 (4th Cir. 1991).

In his motion, Plaintiff contends that the Court erred in finding that he was not under imminent danger of serious physical injury because he had been transferred from Menard Correctional Center to Pontiac Correctional Center and, therefore, was not in imminent danger of attack from the "Orange Crush" team. If Plaintiff were found to be in imminent danger of serious physical injury he could proceed *in forma pauperis* notwithstanding his prior filings. *See* 28 U.S.C. § 1915(g). In support of his motion, Plaintiff contends that the "Orange Crush" team is not restricted to operating at Menard Correctional Center and could, possibly, be sent to Pontiac Correctional

Center. Plaintiff also notes that he could possibly be transferred back to Menard Correctional Center.

The possibility that the "Orange Crush" team could be sent to the Pontiac Correctional Center or that Plaintiff could be transferred back to the Menard Correctional Center in the future, however, simply demonstrates that Plaintiff is *not* at this time in imminent danger of serious physical harm from the "Orange Crush" team. At best, Plaintiff alleges only a hypothetical risk of physical harm that *might* happen if certain conditions - which may or may not occur - are met. Therefore, upon review of Plaintiff's motion and after reviewing the record in this case, the Court remains convinced that it's Order denying Plaintiff's motion to proceed *in forma pauperis* was correct.

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**Date: April 9, 2008.**

                                                              s/ J. Phil Gilbert  
                                                              **U. S. District Judge**